## HIRAM BARRUS & others *vs.* HARVEY KIRKLAND & others.

Legacies of money, in terms absolute, but immediately followed by an appointment of a trustee to "take and keep the above legacies, the income of which he shall appropriate to their comfort as long as they live; after their decease, what remains I bequeath to him," give the first legatees the right to the income only, although not sufficient for their comfortable support.

BILL IN EQUITY by the four legatees first named in the will of Abby W. Carpenter, and by the guardians of two of them who had become insane, for the application to their support of the principal of their legacies, the income thereof being insufficient for the purpose.

Said will, which was duly proved, contained the following provisions: "1st. I give and bequeath to my sister Sally Whitman of Goshen one thousand dollars." 2d, 3d and 4th. Bequests, in precisely similar words, of two hundred dollars each to her brothers, Samuel Whitman, Ezekiel Cheever and David Whitman. After these four bequests was this clause:

" I hereby appoint Franklin Narramore of Goshen as trustee to take and keep the above legacies, the income of which he shall appropriate to their comfort as long as they live. After their decease, what remains I bequeath to the above trustee."

Then followed bequests, in terms exactly like the above, but without the last clause, of one thousand dollars to another sister, five hundred dollars to a niece, to another sister a feather bed and ten dollars, and specific legacies and bequests of money to many other persons and charitable societies. After which was this article: "19th. I give and bequeath to my sister Sally Whitman all my clothing, linen, silver spoons and jewelry, not previously disposed of"; and a residuary bequest to the Home Missionary Society.

Franklin Narramore died before accepting the above trust and the defendant Kirkland was appointed trustee in his stead. The other defendants were administrators with the will annexed of Mrs. Carpenter. The defendants admitted that the plain-

tiffs were entitled to the income of their legacies, (subject only to any deduction which the court should deem reasonable for executing the trust,) and that such income was insufficient for their support; but denied their right to any part of the principal of such legacies, and alleged that such principals, after their respective deaths, must be paid to the representatives of Franklin Narramore.

*S. T. Spaulding*, for the plaintiffs. The principal sums are given absolutely to Sally Whitman, David Whitman, Ezekiel Cheever and Samuel Whitman. " The above legacies," already given, are to be taken and kept by the trustee. A subsequent gift of the principal sums would be repugnant; but there is no such repugnant provision. 1 Jarman on Wills, (3d Amer. ed.) 417. The direction to apply the income annually is consistent with the implied duty to appropriate the principal to the necessary relief of the legatees. The bequest to the trustee of " what remains " implies an indefinite remainder; otherwise the principal sums would have been given *eo nomine* to the trustee. The testatrix did not intend to give to the trustee $1600, for paying over for a few years less than $100 annually to her brothers and sister.

Whatever was given to Narramore, was given to him personally, on the condition precedent that he should accept and perform the trust. The bequest to him having therefore failed to vest, the original bequest to her brothers and sister stands unaffected. And the substituted trustee is entitled to the usual compensation only.

*C. Delano*, for the defendants.

BIGELOW, J. The safe practical rule for the construction of wills, is, that the grammatical and ordinary sense of the words is to be adhered to, unless it would lead to some absurdity, or some repugnance or inconsistency with the rest of the instrument. This is the only mode of arriving at the intention of the testator, which is to be ascertained, not by conjecturing what the testator intended to do, but by arriving at the just meaning of the words which he has used. *Grey* v. *Pearson*, 6 H. L. Cas. 106. *Warburton* v. *Loveland*, 1 Hudson & Brooke, 648.

The application of this rule to the language of the will, under which the plaintiffs seek to establish an absolute title to the legacies given for their benefit, is fatal to their claims. Indeed the construction for which they contend cannot be supported without entirely disregarding and setting aside an entire clause of the instrument. It is true that, taken by themselves, the bequests to the plaintiffs are in form absolute. But they are immediately followed by a clause appointing a trustee, who is to take and keep the legacies previously given, with explicit directions to appropriate the income arising therefrom for the comfort of the legatees during their respective lives, and, after their decease, the property remaining is given in express terms to the trustee absolutely. These provisions relate to the same subject matter, and, construed together, as they must be, are unambiguous and consistent with each other. The creation of a trust, the direction to pay over income, and the gift of the remainder after the death of the *cestuis que trust*, control the general words of gift to the brothers and sister, previously used, and are inconsistent with absolute bequests to them. Regarding only the language of the will, and confining ourselves to ascertaining the intent of the testatrix, by giving an exact and just meaning to the words used, it is a gift in trust, the income only to be paid to the *cestuis que trust* during their lives in certain designated proportions, with a remainder absolutely to the trustee. In this construction there is no repugnancy or inconsistency, and full effect is given to every part of the bequest, without the change or rejection of a word.

This construction corresponds, too, with the general intent of the testatrix, as gathered from the whole instrument. Her brothers and sister do not all stand on an equality as the objects of her bounty. She has discriminated widely in making bequests to them, in the amount given as well as in the nature of the gift. Nor did she regard them with any greater favor than other persons not of her family or kin, to whom, as well as to the trustee, she has given liberal bequests. And the insertion in another part of the will of a gift to Mrs. Whitman, one of the plaintiffs, absolute in its terms, seems to show that the testatrix

understood and had in her mind the distinction between an ab-
solute gift and a gift in trust, and leads to the conclusion that
the bequest in question was intended to be a limited one only.

*Decree accordingly*